**Sirvard OROUJYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–70347.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 20, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vahan Yepremyan, Law Offices of Yepremyan & Associates, Glendale, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joseph A. O'Connell, Michael P. Truman, Michelle E. Gorden Latour, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

## MEMORANDUM **

Sirvard Oroujyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination because Oroujyan's testimony was inconsistent with her declaration concerning the details of her escape from the September 1999 attack and concerning whether her February 2000 attackers threatened her with a gun or a knife, *see Chebchoub*, 257 F.3d at 1043 (inconsistencies in the details of events that form the basis for the asylum claim go to the heart of the claim and support an adverse credibility finding), and the IJ reasonably found Oroujyan's explanations for the discrepancies unconvincing, *see Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir.2007). In the absence of credible testimony, Oroujyan failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Oroujyan's contention that the BIA failed to address her CAT claim is not supported by the record. Because Oroujyan's CAT claim is based on the same evidence the IJ found not credible and she points to no further evidence to show it is more likely than not she would be tortured if returned to Armenia, her CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.